# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

Nehemias Huertas, Jr.,

                Plaintiff,

v.

                                          Case No. 19-CV-592

Milwaukee County Common Counsel, Chris
Abele, Milwaukee House of Corrections,
Micheal Hafeman, CO Waite, CO Morton,
Armor Health Care, WellPath Health Care,
and Milwaukee County,

                Defendants.

## ORDER

      Nehemias Huertas, Jr., a prisoner who is currently representing himself, has filed a

civil action. Huertashas also filed a motion for leave to proceed without prepaying the full

filing fee, or to proceed *in forma pauperis*. The cost of filing a civil action in federal court is

$400.00, which includes the $350.00 statutory filing fee and a $50.00 administrative fee. The

$50.00 administrative fee does not apply to persons granted *in forma pauperis* status. The Prison

Litigation Reform Act (PLRA) requires prisoner plaintiffs proceeding without prepayment of

the filing fee (*in forma pauperis*) to pay the $350.00 statutory filing fee over time. *See* 28 U.S.C.

§ 1915(b)(1).

      Under the PLRA, the court must assess an initial partial filing fee of twenty percent of

the average monthly deposits to the plaintiff's account or average monthly balance in the

plaintiff's prison trust account for the six-month period immediately preceding the filing of

the complaint, whichever is greater. *Id.* After the initial partial filing fee is paid, the plaintiff

must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). "The agency having custody of the prisoner shall forward payments from the prisoner's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fees are paid." *Id.* The amount of the filing fee can be recovered as part of the costs of the action in the event the plaintiff ultimately prevails.

Huertas filed a certified copy of his prisoner trust account statement for the 3-month period[1] immediately preceding the filing of the complaint as required under 28 U.S.C. § 1915(a)(2). A review of this information reveals that, for the 3-month period immediately preceding the filing of the instant complaint, the average monthly deposit in the plaintiff's prison account was $26.67, and the average monthly balance to the account was $13.82. Thus, in accordance with the provisions of 28 U.S.C. § 1915(b)(1), Huertas is required to pay an initial partial filing fee of **$5.33** to the Clerk of Court on or before **June 7, 2019**.

The PLRA also provides that, if a prisoner files three or more actions or appeals which are dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, the plaintiff will be prohibited from bringing any other actions *in forma pauperis* unless the plaintiff is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). In the event this action is later dismissed for any of the above reasons, it may have an impact on the plaintiff's ability to bring other actions *in forma pauperis*. The court will not screen the complaint until the plaintiff pays the initial partial filing fee. Accordingly, Huertas will be

---

[1] Generally the PLRA requires a prisoner to submit a certified copy of his trust account for the preceding six months; however, the plaintiff has not been incarcerated for six months. As such, the court has allowed the plaintiff to submit a trust account statement from the date of incarceration to the present.

2

afforded an opportunity to voluntarily dismiss this action to avoid incurring a "strike" under § 1915(g).

**Notice to Plaintiff.** If you do not wish to proceed with this action to avoid incurring a "strike" under § 1915(g) or do not wish to pay the filing fee as set forth in this Order, you must notify the court by filing a letter with the Clerk of Court on or before June 7, 2019. If you write such a letter, this case will be dismissed without prejudice. Voluntary dismissal will not be counted as a "strike" under § 1915(g).

If Huertas proceeds, he is advised that the complaint will be screened, and even if it is immediately dismissed because it fails to state a claim upon which relief can be granted or for any other reason, the court will not refund the initial partial filing fee. Huertas will still be required to pay the entire $350 filing fee and risk incurring a strike.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Huertas is assessed **$5.33** as an initial partial payment of the $350.00 fee for filing this case. On or before June 7, 2019, Huertas is to submit a check or money order made payable to the Clerk of Court in the amount of **$5.33** or advise the court in writing why he is not able to submit the assessed amount. To the extent Huertas does not have enough money in his regular account to make the initial partial payment, he is responsible for making arrangements with authorities to pay the remainder of the initial partial filing fee from the plaintiff's release account. Huertas is advised that the language of 28 U.S.C. § 1915(b)(1) suggests that a prisoner's release account may be invaded to satisfy an initial partial filing fee only if insufficient funds are available in his regular account. *See Carter v. Bennett*, 399 F. Supp. 2d 936, 936–37 (W.D. Wis. 2005).

3

**IT IS FURTHER ORDERED** that, if by **June 7, 2019** Huertas fails to make the initial partial payment or show cause for failure to do so, this case may be dismissed without prejudice for failure to prosecute.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that no further action will be taken in this case until the clerk's office receives Huertas's initial partial filing fee as directed above and the court has screened the complaint as required by the PLRA, 28 U.S.C. § 1915A. Once the screening process is complete, a separate order will issue.

Dated at Milwaukee, Wisconsin this 16th day of May, 2019.

BY THE COURT

_s/ Nancy Joseph_
NANCY JOSEPH
United States Magistrate Judge

4