NEHEMIAS HUERTAS, JR.,

                Plaintiff,

                                          Case No. 2:19-cv-00592-BHL

v.

MICHAEL HAFEMAN, *et al.*,

                Defendants.

## LAURA SUKOWATY MD'S RESPONSES
## TO PLAINTIFF'S FIRST DISCOVERY REQUESTS

Laura Sukowaty, MD, by her counsel Davis & Kuelthau, s.c., provides these responses to Plaintiff's first discovery requests.

### ANSWERS TO INTERROGATORIES

**Interrogatory No. 1**: Defendant Laura "Sukowaty", identify your assignment, duty, and position at the House of Correction (HOC) Health Center from April 1, 2019 through August 1, 2019.

**RESPONSE** *Dr. Sukowaty provided health care services as a licensed medical provider to inmates at the House of Corrections during the time in question. Her duties included, but are not limited to, assessing inmate's subjective complaints, diagnosing or ruling out injury, and ordering treatment and prescribing medications.*

**Interrogatory No. 2**: Defendant "Sukowaty", on or about April 1, 2019 did you order and/or approved TYLENOL #3 for Mr. Huertas?

**RESPONSE** *Yes.*

**Interrogatory No. 3**: Defendant "Sukowaty", did you discuss the order of TYLENOL #3 with Mr. Huertas prior to ordering it and/or approving it?

**RESPONSE** *Dr. Sukowaty did not directly communicate with Plaintiff at this time because she provided any order on this date by phone. Dr. Sukowaty spoke with HSU staff concerning Plaintiff's post-operative wound care and condition.*

**Interrogatory No. 4**: Defendant "Sukowaty", did you place notes on Huertas medical record stating "No true allergies" to Acetaminophen? If not who did so and based on what facts?

**RESPONSE**  *Dr. Sukowaty believes she entered the note or instructed a nurse to do so.*

**Interrogatory No. 5**: Defendant "Sukowaty" did you fail to review Huertas Allergy Chart prior to ordering TYLENOL #3?

**RESPONSE**  *Dr. Sukowaty objects to the form of this request because of its use of ambiguous language, including the term "allergy chart."*

*Subject to and without waiving these or any other objections, Dr. Sukowaty doesn't know what Plaintiff means by the term "allergy chart" but she did review his relevant HSU records during her time as his medical provider.*

**Interrogatory No. 6**: Defendant "Sukowaty" have you ever been a party to other lawsuits, litigation, or legal proceedings in the past (10) years? If so, describe:

   a. Case name;

   b. Case number;

   c. Where the case was pending;

   d. Description of the action;

   e. Current status of the case; and

   f. Outcome of the case.

**RESPONSE**  *Dr. Sukowaty objects to the form of this request because it is overly broad, unduly burdensome, violates Rule 26's proportionality rules, and seeks information that is not relevant to any claim or defense (nor likely to lead to the discovery of admissible information).*

*Subject to and without waiving these or any other objections, Dr. Sukowaty is currently a defendant in a 42 U.S.C. § 1983 lawsuit in the Eastern District of Wisconsin, Highshaw v. Sukowaty Case No. 19-cv-1547. The lawsuit is pending.*

**Interrogatory No. 7**: Defendant "Sukowaty" State the name(s) and address(es) of your liability insurer(s) for the last three years and the dates of coverage, type, policy number(s) of each liability insurance policy.

**RESPONSE**   *Dr. Sukowaty objects to the form of this request because it is overly broad, unduly burdensome, and seeks information that is not relevant to any claim or defense (nor likely to lead to the discovery of admissible information).*

*Subject to and without waiving these or any other objections, Dr. Sukowaty is being defended in this lawsuit pursuant to a policy of insurance issued by ProAssurance to her employer, Wellpath LLC.*

**Interrogatory No. 8**:  Defendant "Sukowaty" identify each document, record recording and person furnishing information with regard to your response to the immediately preceding interrogatory.

**RESPONSE**   *Dr. Sukowaty with assistance of counsel.*

**Interrogatory No. 9**: Defendant "Sukowaty" identify all internal and external documents regarding your compliance or noncompliance with the HOC Policies and Procedures.

**RESPONSE**   *Dr. Sukowaty objects to the form of this request because it is ambiguous as to what it is seeking.*

*Subject to and without waiving these or any other objections, Dr. Sukowaty doesn't understand what Plaintiff is seeking with this request.*

**Interrogatory No. 10**: Defendant "Sukowaty" identify by name, position, address, and phone number all witnesses you propose to call at trial.

**RESPONSE**   *Dr. Sukowaty objects to this request because it seeks information protected by privilege, including but not limited to the work product doctrine, and because it is premature. Dr. Sukowaty, through counsel, will identify trial witnesses by the deadline set by the court.*

**Interrogatory No. 11**: Defendant "Sukowaty" list all exhibits you propose to introduce at trial.

**RESPONSE**   *Dr. Sukowaty objects to this request because it seeks information protected by privilege, including but not limited to the work product doctrine, and because it is premature. Dr. Sukowaty, through counsel, will identify trial exhibits by the deadline set by the court.*

**Interrogatory No. 12**: Defendant "Sukowaty" identify each person whom you expect to call as an expert witness at trial, state the subject matter on which the expert is expected to testify and a summary of the grounds for each opinion.

**RESPONSE**   *Dr. Sukowaty objects to this request because it seeks information protected by privilege, including but not limited to the work product doctrine, and because it is premature. Dr. Sukowaty, through counsel, will identify trial witnesses by the deadline set by the court.*

**Interrogatory No. 13**: Defendant "Sukowaty" please state in detail the facts upon which you base your denial of Plaintiff's Claim against you in his Complaint.

**RESPONSE**  *Dr. Sukowaty objects to the form of this request because it is overly broad, unduly burdensome, violates Rule 26's proportionality rules, and may seek information protected by the work product doctrine.*

*Subject to and without waiving these or any other objections, Dr. Sukowaty provided post-surgical wound care and medication regimens that were reasonable and appropriate based on her experience and professional judgment and based on Plaintiff's clinical condition—including the objective data available.*

**Interrogatory No. 14**: Defendant "Sukowaty" please state in detail the facts upon which you rely for each affirmative defense listed in your answer.

**RESPONSE**  *Dr. Sukowaty objects to the form of this request because it is overly broad, unduly burdensome, violates Rule 26's proportionality rules, and may seek information protected by privilege. Additionally, Dr. Sukowaty objects to this request because it is multiple in form and, in practice, is multiple discovery requests cloaked in a single, overly broad interrogatory.*

*Subject to and without waiving these or any other objections, please see response to Interrogatory No. 11, above, which generally asserts the facts supporting several of Dr. Sukowaty's affirmative defenses. Ultimately, Dr. Sukowaty provided care to Plaintiff that was reasonable and appropriate based on her experience and professional judgment and based on Plaintiff's clinical condition—including the objective data available.*

**Interrogatory No. 15**: Defendant "Sukowaty" if your responses to the Requests for Admissions served simultaneously herewith is anything other than an unqualified admission, then please state as to each denial the specific facts forming the basis for such denial and identify each witness and document upon which you both will rely to support your denial.

**RESPONSE**  *Dr. Sukowaty objects to the form of this request because it is overly broad, unduly burdensome, violates Rule 26's proportionality rules, and may seek information protected by privilege. Additionally, Dr. Sukowaty objects to this request because it is multiple in form and, in practice, is multiple discovery requests cloaked in a single, overly broad interrogatory.*

*Subject to and without waiving these or any other objections, please see responses to Requests to Admit.*

**Interrogatory No. 16**: Defendant "Sukowaty" state what actions did you take if any once Mr. Huertas notify you of his post-surgery severe pain after March 21, 2019.

**RESPONSE**  *Dr. Sukowaty was not involved in Plaintiff's care in March 2019.*

**Interrogatory No. 17**: Defendant "Sukowaty" if any evidence and surveillance footage the Plaintiff Requested on his Production of Documents was destroyed, please state the reason why the evidence was destroyed, and surveillance footage not preserved perhaps erased.

**RESPONSE**  *Dr. Sukowaty doesn't control or have access to "surveillance footage" or other correctional information.*

**Interrogatory No. 18**: Defendant "Sukowaty" prior to ordering TYLENOL #3 for Huertas, did you fail to review Huertas allergy chart or did you review his allergy chart, assumed it was "no true allergies" and decided to disregard the fact that he's allergic to Acetaminophen and order/approved TYLENOL #3 anyways?

**RESPONSE**  *No.*

**Interrogatory No. 19**: Defendant "Sukowaty", if treating Mr. Huertas with pain killers was a concern, why not place him in the medical observation unit or in the Ocean 2 unit until his treatment was completed in order to observe him closely or perhaps crush the pill tablets and pour in a medical clear cup of water and observe him take it?

**RESPONSE**  *Dr. Sukowaty objects to the form of this request because it is ambiguous as to several terms, which makes it difficult to form an answer, lacks foundation.*

*Subject to and without waiving these or any other objections, during Dr. Sukowaty's involvement in Plaintiff's care, Plaintiff received appropriate medications for pain. Observation was not clinically necessary for Plaintiff.*

**Interrogatory No. 20**: Defendant "Sukowaty", based on what facts was it confirmed Mr. Huertas medication allergies were "No Ture Allergies"?

a. Blood Work Test

b. Assumption, based on subjective symptoms

**RESPONSE**  *Dr. Sukowaty objects to the form of the request because of its use of ambiguous terms, including "Assumption" and "based on subjective symptoms."*

*Subject to and without waiving these or any other objections, Dr. Sukowaty based her medication decisions on her training and experience as a health care provider, professional judgment, and Plaintiff's clinical condition—including subjective and objective data.*

**Interrogatory No. 20**: Defendant "Sukowaty", identify the names of the nurses scheduled to work in the Milwaukee County Jail Facility Clinic For the following dates and shifts who were also assigned to perform prescribed dressing changes AKA wound care to the inmates located in Mr. Huertas housing location on:

a. May 3, 2019 (First Shift)

b. May 7, 2019 (First and Second Shift)

c. May 18, 2019 (First and Second Shift)

d. May 20, 2019 (First and Second Shift)

e. May 21, 2019 (First and Second Shift)

f. May 22, 2019 (First and Second Shift)

g. May 27, 2019 (First and Second Shift)

**RESPONSE**  *Dr. Sukowaty doesn't know this information.*

**Interrogatory No. 21**: Defendant "Sukowaty", state the purpose for involuntarily administering TYLENOL #3 for Mr. Huertas as 1) no medical staff consulted this prescribed order with him first and; 2) Mr. Huertas had no knowledge nor did Mr. Huertas give any consent for this medication to be administered to him.

**RESPONSE**  *Dr. Sukowaty objects to the form and foundation of this request because it assumes facts not in evidence.*

*Subject to and without waiving these or any other objections, Plaintiff provided consent to be treated by HSU staff. Dr. Sukowaty did not "involuntarily" provide any treatment. Dr. Sukowaty provided treatment that was reasonable and appropriate.*

**Interrogatory No. 22**: Defendant "Sukowaty", if Mr. Huertas perhaps was to not have a true allergy just mere side effects to acetaminophen you involuntarily administer TYLENOL #3 without

Mr. Huertas having any knowledge, meaning you did not consult this order with him first and/or receive any consent from Mr. Huertas to administer TYLENOL #3, is this correct?

**RESPONSE**  *Dr. Sukowaty is unable to provide a response to this request as written.*

**Interrogatory No. 23**: Defendant "Sukowaty" prior to ordering TYLENOL #3 for Huertas, did you fail to review Huertas allergy chart or did you review his allergy chart, assumed it was "No true allergies" and decided to disregard the fact that acetaminophen is listed under his allergies and order TYLENOL #3 anyways?

**RESPONSE**  *No.*

## RESPONSES TO DOCUMENT REQUESTS

**Request No. 1**: Produce all documents and tangible items identified, referenced, referred to, reviewed or relied upon in answering the above interrogatories.

**RESPONSE**  *Dr. Sukowaty objects to this request to the extent Plaintiff has refuses to or is yet to authorize release of his Health Services Unit records.*

*Subject to and without waiving these or any other objections, Plaintiff can access his Health Services Unit records from the relevant time period.*

**Request No. 2**:  Produce copies of all written or verbal statement secured from any individuals which relate to the allegations in the Plaintiff's Complaint.

**RESPONSE**  *Dr. Sukowaty objects to this request to the extent it seeks information protected by the attorney/client privilege or work product doctrine.*

*Subject to and without waiving these or any other objections, none.*

**Request No. 3**:  Produce any photographs, motion pictures, videotapes, diagrams, or other documents that in any way relate to the incidents referred to in the Complaint.

**RESPONSE**  *Dr. Sukowaty objects to this request to the extent it seeks information protected by the attorney/client privilege or work product doctrine.*

*Subject to and without waiving these or any other objections, none.*

**Request No. 4**:  Produce all documents, data, statements, or any other tangible item in your possession or under your control that you believe support your defense.

**RESPONSE**  *Dr. Sukowaty objects to this request to the extent it seeks information protected by the attorney/client privilege or work product doctrine.*

*Subject to and without waiving these or any other objections, Plaintiff can access his Health Services Unit records from the relevant time period. Dr. Sukowaty anticipates relying on those records and other health care records relevant to Plaintiff's claims.*

**Request No. 5**: Produce copies of all grievances the Plaintiff filed against you pertaining to the events that gave rise to the Plaintiff's Complaint and all responses to said grievances.

**RESPONSE**  *Dr. Sukowaty objects to this request to the extent it seeks information better requested from a third-party.*

*Subject to and without waiving these or any other objections, Dr. Sukowaty does not possess responsive materials.*

**Request No. 6**: Produce any diary, log, notes, journal, or other document in your possession or under your control relating in any way to the events or claims set forth in the Plaintiff's Complaint.

**RESPONSE**  *Dr. Sukowaty objects to this request to the extent it seeks information protected by the attorney/client privilege or work product doctrine.*

*Subject to and without waiving these or any other objections, none.*

**Request No. 7**: Provide copies of all documents that you provided to any expert witness that you intend to call at trial in this matter.

**RESPONSE**  *Dr. Sukowaty objects to this request to the extent it seeks information protected by the attorney/client privilege or work product doctrine.*

*Subject to and without waiving these or any other objections, none. Discovery is ongoing.*

**Request No. 8**: Provide the resume or curriculum vitae of any expert witness that you intend to call at trial in this matter.

**RESPONSE**  *Dr. Sukowaty objects to this request because it seeks information protected by privilege, including but not limited to the work product doctrine, and because it is premature. Dr. Sukowaty, through counsel, will make appropriate expert disclosures, if any, by the deadline set by the court.*

**Request No. 9**: Provide a list of cases in which any expert witness you intend to call at trial has testified.

**RESPONSE** *Dr. Sukowaty objects to this request because it seeks information protected by privilege, including but not limited to the work product doctrine, and because it is premature. Dr. Sukowaty, through counsel, will make appropriate expert disclosures, if any, by the deadline set by the court.*

**Request No. 10**: Provide the HOC Health Center and CJF Clinic Medical Care Policies.

**RESPONSE** *Dr. Sukowaty objects to the form and foundation of this request because it is overly broad, unduly burdensome, violates Rule 26's proportionality requirements, and seeks information that is not relevant to any claim or defense (nor likely to lead to the discovery of admissible information).*

*Subject to and without waiving these or any other objections, Dr. Sukowaty does not possess responsive materials.*

**Request No. 11**: Produce any and all documentation in any form storage however produced or reproduced whether or not it now exists. Including all electronically, digitally, or computer generated or stored communications as well as traditional printed communications or media such as books, chart, handwritten notes, and letters. Any document that contains any comment, notation, addition signature, insertion, or marking of any kind, so that it is different from the original, is a separate document.

**RESPONSE** *Dr. Sukowaty objects to the form and foundation of this request because it is overly broad, unduly burdensome, violates Rule 26's proportionality requirements, and seeks information that is not relevant to any claim or defense (nor likely to lead to the discovery of admissible information). Dr. Sukowaty further objects to the extent this request seeks information*

*Subject to and without waiving these or any other objections, Dr. Sukowaty is confused as to what specific materials are being sought. In an effort to cooperate with discovery, Dr. Sukowaty will rely on Plaintiff's Health Services Unit records and other medical records relevant to Plaintiff's claims, which Plaintiff can obtain at his own expense.*

**Request No. 12**: Produce the list of opioid pain killer medications listed in the Milwaukee County Jail/HOC Health Center formulary.

**RESPONSE** *Dr. Sukowaty objects to the form of this request because it, among other things, seeks information maintained by third parties.*

*Subject to and without waiving these or any other objections, Dr. Sukowaty does not possess responsive materials.*

**Request No. 13**: Produce the following grievances Mr. Huertas filed in the HOC KIOSK under Booking Number 20019003347:

| | Grievance No. | Date Submitted: | Time: |
|---|---|---|---|
| 1. | UNKNOWN | 04-30-2019 | UNKNOWN |
| 2. | #20875 | 04-15-2019 | @ 08:02 PM |
| 3. | #20872 | 04-15-2019 | @ 07:49 PM |
| 4. | #20855 | 04-15-2019 | @ 05:23 PM |
| 5. | #20712 | 04-13-2019 | @ 03:02 PM |
| 6. | #20080 | 04-05-2019 | @ 10:28 PM |
| 7. | #20081 | 04-05-2019 | @ 10:32 PM |
| 8. | #17971 | 03-13-2019 | @ 06:49 PM |
| 9. | #17974 | 03-13-2019 | @ 07:05 PM |
| 10. | #19165 | 03-24-2019 | @ 11:52 AM |
| 11. | #19166 | 03-24-2019 | @ 11:54 AM |
| 12. | #19576 | 03-29-2019 | @ 08:39 PM |
| 13. | #19610 | 03-29-2019 | @ 03:07 PM |
| 14. | UNKNOWN | 03-28-2019 | UNKNOWN |
| 15. | UNKNOWN | 03-10-2019 | UNKNOWN |
| 16. | UNKOWN | 03-05-2019 | UNKNOWN |

**RESPONSE**  *Dr. Sukowaty objects to this request to the extent it seeks information better requested from a third-party.*

*Subject to and without waiving these or any other objections, Dr. Sukowaty does not possess responsive materials.*

# ANSWERS TO REQUESTS FOR ADMISSIONS

**Request No. 1**: Defendant "Sukowaty" admit that you attended a power point presentation that discussed *Estelle v. Gamble* and were informed that "deliberate indifference" could arise from a failure to take appropriate action upon noticing an inmate's serious medical concern.

> **RESPONSE**   *Dr. Sukowaty objects to the form of this request because it seeks information that is not relevant to any claim or defense and asks for a legal opinion. She also objects because the request seeks information that may be protected by privilege.*
>
> *Subject to and without waiving these or any other objections, Dr. Sukowaty cannot recall whether she attended any power point presentation and therefore denies the request. Dr. Sukowaty also denies any knowledge of any legal standards; she is not an attorney or legal expert.*

**Request No. 2**:  Defendant "Sukowaty" admit that you were the Health Provider who order/approved TYLENOL #3 for Mr. Huertas on or about 04-01-2019.  If not, who?

> **RESPONSE**   *Dr. Sukowaty admits that she ordered Plaintiff to receive a three-day regimen of Tylenol on April 1, 2019, for pain.*

**Request No. 3**: Defendant "Sukowaty" admit that you refuse to treat Mr. Huertas post-surgery severe pain with an effective pain killer.

> **RESPONSE**   *Dr. Sukowaty objects to the form of this request because it contains ambiguous terms, including "effective" and "pain killer" and because it lacks foundation.*
>
> *Subject to and without waiving these or any other objections, Dr. Sukowaty denies this request. During her involvement in Plaintiff's relevant care, Dr. Sukowaty provided care that was reasonable and appropriate based on Plaintiff's clinical condition.*

**Request No. 4**: Defendant "Sukowaty" admit that Huertas complained numerous times about his chronic/severe post-surgery pain to the Health Center by submitting numerous sick call slips in fact stated the TRAMADOL has been ineffective (through the most critical and painful stages of his post-surgery).

> **RESPONSE**   *Dr. Sukowaty objects to the form and foundation of this request—specifically because it assumes facts not in evidence and contains several ambiguous terms, e.g., "chronic/severe post-surgery pain" and "critical and painful stages."*

*Subject to and without waiving these or any other objections, Dr. Sukowaty denies that Plaintiff submit[ed] numerous sick call slips" addressing ineffective medication during her time as the health care provider at the House of Corrections.*

*Dr. Sukowaty, during her involvement in Plaintiff's care at issue in this lawsuit, provided timely and reasonable care, including medication regimens she believed appropriate based on Plaintiff's clinical condition and her professional judgment.*

**Request No. 5**: Defendant "Sukowaty" admit that you were aware of Huertas complaints about severe pain to his left elbow injury and/or recent post-surgery pain.

**RESPONSE**   *Dr. Sukowaty objects to the form of this request, to the extent it assumes facts not in evidence.*

*Subject to and without waiving these or any other objections, Dr. Sukowaty admits she had knowledge of Plaintiff's post-surgical wound care and his related requests, as documented in his Health Services Records.*

*Dr. Sukowaty denies this request to the extent it expresses or implies that she ignored Plaintiff's concerns or refused necessary care, or that Plaintiff had been diagnosed with any condition, or suffered from "severe" pain or complications warranting additional care than what he received.*

**Request No. 6**: Defendant "Sukowaty" admit that for the severity of Huertas post-surgery/injury you instructed your medical staff per policy or for whatever reason to provide Huertas with a less efficacious treatment and refused to stay in the same category of pain treatment as ordered by the orthopedic surgeon, Dr. Mark Hodgson.

**RESPONSE**   *Dr. Sukowaty denies this request. She never "instructed" any healthcare provider—whether related to this case or throughout her career—to provide a patient "with less efficacious treatment" or "refused" necessary treatment. Dr. Sukowaty, during her involvement, provided care that was reasonable and appropriate based on Plaintiff's clinical condition.*

**Request No. 7**: Defendant "Sukowaty" admit that you were aware of Huertas prescribed order of NORCO by outside doctor which was contraindicated by provider Jackie Christiansen due to Huertas allergies.

**RESPONSE**   *Dr. Sukowaty objects to the form of this request because it asks her to speculate concerning the medical decisions and judgments of a third-party. She also objects to this request to the extent it seeks from her an expert opinion concerning the medical decisions of another healthcare provider.*

*Subject to and without waiving these or any other objections, Dr. Sukowaty denies this request because she cannot speak to, or speculate about the reasoning behind medical decisions made by others and before her involvement in this course of treatment. Additionally, based on Dr. Sukowaty's professional judgment and clinical data available to her, Plaintiff did not suffer from true allergies to acetaminophen or ibuprofen.*

**Request No. 8**: Defendant "Sukowaty" admit that you and/or any other medical staff failed to consult with Mr. Huertas prior to ordering TYLENOL #3.

**RESPONSE**   *Dr. Sukowaty objects to the form of this request because of its use of ambiguous language, including the term "consult."*

*Subject to and without waiving these or any other objections, Dr. Sukowaty denies this request. HSU staff met with Plaintiff several times concerning his post-surgical wound.*

**Request No. 9**: Defendant "Sukowaty" admit that prior to ordering/approving TYLENOL #3 you failed to review Huertas allergy chart.

**RESPONSE**   *Dr. Sukowaty objects to the form of this request because of its use of ambiguous language, including the term "allergy chart."*

*Subject to and without waiving these or any other objections, Dr. Sukowaty denies the request as written. She consulted with HSU staff concerning Plaintiff's present condition and relevant medical history, including information in Plaintiff's HSU chart. Additionally, Dr. Sukowaty, based on her experience and professional judgment and the clinical data available to her, did not reasonably believe Plaintiff suffered from the medication allergies he identified.*

**Request No. 10**: Defendant "Sukowaty" admit that you had knowledge of Mr. Huertas allergies to Acetaminophen.

**RESPONSE**   *Dr. Sukowaty admits that she was aware of Plaintiff's self-reported allergies. Dr. Sukowaty, however, denies this request to the extent it implies that Plaintiff suffered from a true allergy to the medication identified. Dr. Sukowaty, based on her experience and professional judgment and the clinical data available to her, did not reasonably believe Plaintiff suffered from the medication allergies he identified.*

Dated: March 23, 2020　　　　　　　By: *Electronically signed by Laura Sukowaty, M.D.*
　　　　　　　　　　　　　　　　　　　Laura Sukowaty, MD



Dated: March 23, 2020　　　　　　　**Davis & Kuelthau, s.c.**


　　　　　　　　　　　　　　　　　　By: *Electronically signed by Ryan M. Wiesner*
　　　　　　　　　　　　　　　　　　　Ryan M. Wiesner
　　　　　　　　　　　　　　　　　　　111 E. Kilbourn Avenue, Suite 1400
　　　　　　　　　　　　　　　　　　　Milwaukee, WI 53202
　　　　　　　　　　　　　　　　　　　Tel. (414) 276-0200
　　　　　　　　　　　　　　　　　　　Fax (414) 278-3643
　　　　　　　　　　　　　　　　　　　Email　rwiesner@dkattorneys.com

　　　　　　　　　　　　　　　　　　*Attorneys for Dr. Laura Sukowaty*