UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NEHEMIAS HUERTAS, JR,

    Plaintiff,

    v.                                                          Case No. 19-cv-0592-bhl

TAYLOR E WAITE, et al.,

    Defendants.

## ORDER

Plaintiff Nehemias Huertas, Jr., who is representing himself, is proceeding with a claim that various defendants were deliberately indifferent towards his serious medical condition at the Milwaukee County House of Corrections. Dkt. No. 18. On May 24, 2021, Huertas filed a "motion for spoliation sanctions" against correctional officers Taylor Waite and Shaquoya Murry. Dkt. No. 106. Huertas states that Waite and Murry intentionally failed to preserve videotape evidence of the incidents they were involved in, which occurred on March 5, 2019 (Waite) and April 29, 2019 (Murry). *Id*. at 1-2; *see also* Dkt. No. 18 at 3 and 6. Huertas filed the original complaint in this case on April 24, 2019. Dkt. No. 1. Huertas filed a letter about his original complaint on May 6, 2019; and he made his first official request for preservation of videotape evidence on July 3, 2019. Dkt. No. 106 at 1-2. Huertas then filed numerous other requests for preservation of videotape evidence between July 3, 2019 and March 12, 2021. *Id*. at 2. On November 14, 2019, Huertas filed the operative amended complaint in this case. Dkt. No. 12-1. On May 5, 2021, defense counsel notified Huertas during discovery that no surveillance video from the House of Corrections exists because he did not make a timely request for preservation of videotape evidence. Dkt. No. 106 at 2-3.

A court's inherent power to impose spoliation sanctions arises only if a party destroys evidence in bad faith. *See Bracey v. Grondin*, 712 F.3d 1012, 1018–19 (7th Cir. 2013). "Bad faith" means destruction of evidence "for the purpose of hiding adverse information." *Id.* at 1019 (quoting *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 644 (7th Cir. 2008). "The crucial element is not that the evidence was destroyed but rather the reason for the destruction." *Park v. City of Chicago,* 297 F.3d 606, 615 (7th Cir. 2002) (quoting *S.C. Johnson & Son, Inc. v. Louisville & Nashville R.R. Co.,* 695 F.2d 253, 258 (7th Cir. 1982)). The plaintiff bears the burden to show bad faith. *See Bracey,* 712 F.3d at 1019.

Defendants Waite and Murry explain that surveillance video at the House of Corrections is overwritten every 30 days and video is not preserved unless there is a specific request for storage of the video which identifies the location, time, and date of the video. Dkt. No. 118 at 2. Huertas states that he made his first request for preservation of videotape evidence on July 3, 2019. Dkt. No. 106 at 2. The problem for Huertas is that this request was made more than 30 days after March 5, 2019 (the incident involving Waite) and April 29, 2019 (the incident involving Murry). Thus, by the time Huertas made the request for preservation of videotape evidence, the videos were already overwritten and no longer existed. Given this chronology, the Court cannot conclude that either Waite or Murry acted in bad faith in failing to preserve video evidence that was already unavailable by the time either would have been aware of a potential dispute involving the evidence. Indeed, Huertas did not file a reply to the defendants' response and has not identified any reason to suggest Waite or Murry would have known, before the lawsuit was filed, that litigation would be "pending," thereby triggering their duty to preserve videotape evidence.

In short, Huertas fails to meet his burden to show that Waite and Murry destroyed evidence in bad faith in an effort to hide adverse evidence. Accordingly, the Court will deny Huertas's motion for spoliation sanctions.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for spoliation sanctions (Dkt. No. 106) is **DENIED**.

Dated at Milwaukee, Wisconsin this 21st day of July, 2021.

s/ *Brett H. Ludwig*
Brett H. Ludwig
United States District Judge