UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NEHEMIAS HUERTAS, JR,

    Plaintiff,

v.                                           Case No. 19-cv-0592-bhl

TAYLOR WAITE, et al.,

    Defendants.

# ORDER

Plaintiff Nehemias Huertas, who is representing himself, is proceeding with a claim that various defendants were deliberately indifferent towards his serious medical condition at the Milwaukee County House of Corrections. Dkt. No. 18. On July 21, 2021, the Court denied Huertas' motion for spoliation sanctions because he failed to meet his burden to show that the defendants destroyed evidence in bad faith. Dkt. No. 120. The record before the Court established that surveillance video at the House of Corrections was overridden after 30 days as a matter of course, not in an effort to hide adverse evidence, and Huertas did not timely request to preserve the evidence. *Id*.

Two days later, on July 23, 2021, Huertas filed a "motion for leave to file amended complaint and add defendants and new cause of action or motion to file supplemental pleadings." Dkt. No. 122. He asks to add a new state law claim to the case, what he calls "an intentional spoliation tort," against Michael A. Hafemann, Lt. Taczala, and Lt. Kuhl (none of whom are defendants in this case). Wisconsin state law does not recognize a cause of action for spoliation of evidence. *Johnston v. Metro. Prop. & Cas. Ins. Co.,* 2006 WI App 1, ¶¶ 6-7, 288 Wis. 2d 658, 707 N.W.2d 580 (concluding that "the trial court did not err by failing to acknowledge a tort that

does not exist" and "we decline [the plaintiff's] invitation to create a Wisconsin claim for evidence spoliation.") Indeed, the primary remedies used to combat spoliation of evidence are pretrial discovery sanctions and an "adverse inference" at trial which permits the trier of fact to draw an inference that the destroyed evidence would have been unfavorable to the party that destroyed it. *Id*. Here, the Court has already concluded that there was no spoliation of evidence; thus, an adverse inference would also be inappropriate. The Court will deny the plaintiff's "motion for leave to file amended complaint and add defendants and new cause of action or motion to file supplemental pleadings."

**IT IS THEREFORE ORDERED** that the plaintiff's "motion for leave to file amended complaint and add defendants and new cause of action or motion to file supplemental pleadings" (Dkt. No. 122) is **DENIED**.

Dated at Milwaukee, Wisconsin this 26th day of July, 2021.

s/ *Brett H. Ludwig*
Brett H. Ludwig
United States District Judge